IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

AIKEN DIVISION

| | |
|---|---|
| MARTIN FRANCISO SALAZAR,  )<br>                                                      )<br>                          Plaintiff,    )<br>v.                                                 )<br>                                                      )<br>UNITED STATES DEPARTMENT  )<br>OF ENERGY, SAMUEL W.             )<br>BODMAN, Secretary of Energy,   )<br>                                                      )<br>                          Defendants.  )<br>_____) | Civil Action No. 1:07-2176-MBS-BM<br><br>**REPORT AND RECOMMENDATION** |

   This action has been filed by the Plaintiff, pro se, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et. seq.. Plaintiff complains in his Complaint that a settlement agreement entered into as a result of a previous Equal Employment Opportunity Act claim was improperly disclosed by the Defendant.

   A motion to dismiss has been filed by Lucy M. Knowles, Chief Counsel of the Savannah River Operations Office. The Savannah River Site is under the jurisdiction of the United States Department of Energy. Although Knowles is not named as a Defendant in Plaintiff's Complaint, she asserts in this motion that "Plaintiff has delivered a copy of the summons and complaint to her place of work and has notified Ms. Knowles and the U.S. Attorney's office of his intent to include her as a Defendant." See Motion for Partial Dismissal, Exhibit 1. Knowles argues in her motion that, to the extent Plaintiff is attempting to name her individually as a Defendant in this case, she is entitled to dismissal since the Department Head, Secretary of Energy Samuel Bodman, is the only proper Defendant in a Title VII lawsuit.

1



As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on November 6, 2007, advising Plaintiff of the importance of a dispositive motion and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, Knowles' motion may be granted. Plaintiff filed a memorandum in opposition to Knowles' motion on November 7, 2007, the same day the Roseboro order was issued, but has not submitted any additional argument. Knowles' motion is now before the Court for disposition.[1]

**Discussion**

When considering a motion to dismiss pursuant to Rule 12(b), the Court is required to "accept the allegations in the complaint as true, and draw all reasonable factual inferences in favor of the Plaintiff. [The motion can be granted] only if no relief could be granted under any set of facts that could be proved." Southmark Prime Plus L.P. v. Falzone, 776 F.Supp. 888, 890 (D.Del. 1991); (quoting Turbe v. Government of Virgin Islands, 938 F.2d 427, 428 (3rd Cir. 1991)). Additionally, the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). As the Plaintiff is proceeding pro se, his pleadings are considered pursuant to this liberal standard. However, even though summary dismissal of a case pursuant to Rule 12 is disfavored, Cardio-Medical Associates Ltd. V. Crozer-Chester Medical Center, 536 F.Supp. 1065, 1072 (E.D.Pa. 1982), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor

---

[1]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e) and (g), D.S.C. Knowles (a non-party) has filed a motion to dismiss. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990).

After careful review and consideration of the filings and arguments submitted on Knowles' motion, the undersigned finds and concludes that the motion should be granted. First, it is readily apparent from a plain reading of Plaintiff's Complaint (as amended) that Knowles has not even been named as a Defendant in that document. She is not listed as a named Defendant in the caption of the Complaint, nor is she referenced as being a Defendant in the body of the Complaint. While Knowles was served with a copy of the Complaint, the fact that she is Chief Counsel at the Savannah River Plant and accepted service of a summons and Complaint does not make her a Defendant in this case.

Additionally, the Fourth Circuit Court of Appeals has clearly held that employees of a corporate defendant are not liable in their individual capacities for Title VII violations. Signal v. Gonzales et al., 430 F.Supp.2d 528, 537 (D.S.C. 2006) ["[I]t is beyond doubt that a federal employee alleging violations of Title VII may sue only 'the head of the department, agency, or unit' in his or her official capacity and no one else."]; Puschel v. United States, 369 F.3d 345, 353 (4th Cir. 2004); 42 U.S.C. § 2000e-16(c); see also Lissau v. Southern Food Service, Inc., 159 F.3d 177, 178-181 (4th Cir. 1988); Baird v. Rose, 192 F.3d 462, 472 (4th Cir. 1999) [stating that "Title VII does not provide a remedy against individual Defendants who do not qualify as 'employers.'"]; Jones v. Tyson Foods, Inc., 378 F.Supp.2d 705, 708 (E.D.Va. 2004); Hooker v. Wentz, 77 F.Supp.2d 753, 756 (S.D.W.Va. 1999) [supervisors not liable in their individual capacities for Title VII violations]; Dalton v. Jefferson Smurfit Corp., 979 F.Supp. 1187, 1201-1203 (S.D.Ohio 1997). Therefore, Knowles would be entitled to dismissal even if she had been named as a party Defendant in

3



Plaintiff's Complaint.

Finally, in his opposition memorandum, Plaintiff references other statutes on which he asserts he is basing his claims, including the Federal Tort Claims Act and 42 U.S.C. § 1983, under which Plaintiff argues Knowles could be a party Defendant. However, none of these statutes are referenced in Plaintiff's original Complaint or in his amended Complaint, nor have any claims or causes of action been asserted under these statutes in this case. If Plaintiff wishes to file a motion to amend his Complaint, and provide a copy of a proposed amended Complaint with his motion, he may do so. But see, Signal, 430 F.Supp. 2d at 537 [noting that although the plaintiff in that case had attempted to bring his employment discrimination action under a number of statutes, including § 1983, the exclusive remedy for employment discrimination claims brought by federal employees is Title VII]; see also Brown v. General Services Administration, 425 U.S. 820, 835 (1976); Jackson v. Widnall, 99 F.3d 710, 716 (5th Cir. 1996). However, no such additional claims have been asserted in this case at this time.

## Conclusion

Based on the forgoing, it is recommended that the motion to dismiss filed by Lucy M. Knowles be **granted**.

The parties are referred to the Notice Page attached hereto.

                                                  Bristow Marchant
                                                  United States Magistrate Judge

Columbia, South Carolina

February 20, 2008



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

5

